UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV 15–3305–MWF(JEMx)                     Date:  August 14, 2015

Title:   Ritu Bala, et al.  -v- Bank of America, N.A., et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

         Relief Deputy Clerk:         Court Reporter:
         Cheryl Wynn         Not Reported

         Attorneys Present for Plaintiff:         Attorneys Present for Defendant:
         None Present         None Present

**Proceedings (In Chambers):**  ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [15]

    Before the Court is the Motion to Dismiss First Amended Complaint (the "Motion") filed by Defendant Bank of America, N.A. ("BANA") on July 13, 2015. (Docket No. 15).  Plaintiffs Ritu Bala and Ajay Sood filed an Opposition to Defendant' Bank of America, N.A.'s Motion to Dismiss First Amended Complaint (the "Opposition") on July 20, 2015.  (Docket No. 17).  BANA filed a Reply in Support of Motion to Dismiss Plaintiffs' First Amended Complaint (the "Reply") on July 24, 2015.  (Docket No. 24).

    The Court considered the papers submitted by each party, and held a hearing on August 10, 2015.  For the reasons stated below, the Court **GRANTS** the Motion *without leave to amend*.

**Motion to Dismiss Under 12(b)(6)**

    In ruling on a motion under Federal Rule of Civil Procedure 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (citation omitted).  "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff."  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (holding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–3305–MWF(JEMx)                     Date:  August 14, 2015

Title:     Ritu Bala, et al. -v- Bank of America, N.A., et al.

that a plaintiff had plausibly stated that a label referring to a product containing no fruit juice as "fruit juice snacks" may be misleading to a reasonable consumer). However, the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Iqbal*, 556 U.S. at 678. The Court, based on judicial experience and common-sense, must determine whether a complaint plausibly states a claim for relief. *Id.* at 679.

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016, n. 9 (9th Cir. 2012). The Court may, however, take judicial notice of matters of public record outside the pleadings that are not subject to reasonable dispute. *Id.*; Fed. R. Evid. 201(b). BANA filed a Request for Judicial Notice ("RJN") with its Motion, asking the Court to take judicial notice of certain records related to Plaintiffs' loans and prior litigation. (Docket No. 16). The RJN asks that the Court take judicial notice of the Deed of Trust for the 2010 Loan as recorded in the Los Angeles County Recorder's Office (Ex. A); a Uniform Residential Appraisal Report of the property in question (Ex. B); a Notice of Default recorded in the Los Angeles County Recorder's Office (Ex. C); and filings and court orders from Plaintiffs' prior litigation against BANA (Exs. D–H).

The RJN is **GRANTED**, and the Court takes judicial notice of the Exhibits A, C, and D–H because they are not subject to reasonable dispute and are proper subjects of judicial notice. *See, e.g., W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county public record, including deeds of trust). Exhibit B is properly considered as incorporated by reference in Plaintiffs' First Amended Complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (holding that a court "must consider" the complaint as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–3305–MWF(JEMx)                    Date:  August 14, 2015

Title:     Ritu Bala, et al.  -v- Bank of America, N.A., et al.

**Background**

This action is brought by Plaintiffs against BANA, BAC Home Loans Servicing, LP ("BAC"), Brandon Sherman, Mathew Jacobsmeyer, and MYC Financial Inc., dba Trustee Corps. ("Trustee Corps").  It is the fourth in a series of suits brought by Plaintiffs in state and federal court related to BANA's servicing of the loan they took out to purchase their home.  The basic premise of Plaintiffs' First Amended Complaint ("FAC") is that BANA defrauded Plaintiffs out of $16,500 when providing them with a refinanced loan and not a modification.  (FAC ¶ 1).

Plaintiffs obtained a loan (the Loan") from BANA for $327,200 in November 2007.  (*Id*. ¶ 27).  The Loan provided for interest-only payments for the first 10 years.  (*Id*. ¶ 28).  Once principal payments were due, Plaintiffs' loan payments were set to increase by 37 percent.  (*Id*.).  Therefore, Plaintiffs sought to refinance their Loan before the end of the interest-only period.

In early 2010, Plaintiffs suffered financial hardship and sought a Home Affordable Modification Program ("HAMP") modification from BANA.  (*Id*. ¶ 30). Plaintiffs allege that they were instead misled by BANA into a refinancing that was not part of the HAMP program which resulted in the current loan they have (the "2010 Loan").  The 2010 Loan was for an amount $16,750 above the outstanding principal balance of Plaintiffs' first Loan.  (*Id*. ¶ 33a).  Plaintiffs allege that BANA charged them $16,500 in fees, which is above the $1,000 fee permitted under HAMP.  (*Id*. ¶ 33d). Plaintiffs also allege that BANA inflated the value of their property in its appraisal. (*Id*. ¶¶ 33b, e).  Further, property tax amounting to $1,871 was added to the principal of the 2010 Loan, which added to Plaintiffs' monthly payments.  (*Id*. ¶ 33g).

On June 20, 2011, Plaintiffs filed suit in Los Angeles Superior Court (the "First Action").  They allege that they agreed to voluntarily dismiss that suit on the basis of a promise from BANA's counsel that they would receive a suitable loan modification if they did so.  (*Id*. ¶ 35).  However, Plaintiffs claim that, despite this promise, they have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–3305–MWF(JEMx)                           Date:  August 14, 2015

Title:      Ritu Bala, et al.  -v- Bank of America, N.A., et al.

never been offered a "HAMP loan modification, that complies to the HAMP terms, with a lower interest rate[, or] with a reduction in principal balance." (*Id*. ¶ 38).

In March 2012, BANA sent Plaintiffs a letter indicating that their monthly payments would be $2,627.06, almost $900 more than their prior payments.  (*Id*. ¶ 41). BANA's counsel assured them that this was an automatically generated letter, and that their 2010 Loan was still being considered for a modification.  (*Id*. ¶ 43).  On April 11, 2012 Plaintiffs received notification that a modification had been approved.  (*Id*. ¶ 44). However, Plaintiffs contend that it was ambiguous and fraught with mistakes.  (*Id*.). They received the amortization table a few days later and noted that it increased their payments by $140.  (*Id*.).

Plaintiffs allege that they have submitted four loan modification requests, but have yet to receive a HAMP-compliant modification.  (*Id*. ¶ 3).

On October 11, 2012, Plaintiffs filed their second suit against BANA, also in Los Angeles Superior Court, LC-098641 (the "Second Action").  A year later the case was dismissed with prejudice on a demurrer by BANA.  (RJN Ex. E).  Plaintiffs appealed the decision, but the Court of Appeal upheld the trial court's dismissal in an order that issued on February 2, 2015.  (RJN Ex. F).  Plaintiffs filed a new suit in this District with substantially the same claims on February 4, 2015 (the "Third Action").  CV–15–00801–MWF (C.D. Cal.).  On February 23, 2015, the Court of Appeal issued an order setting Plaintiffs' dismissed case for re-hearing before a newly comprised panel.  (RJN, Ex. G).  Plaintiffs voluntarily dismissed their Third Action on March 10, 2015.  On April 29, 2015, after hearing argument, the Court of Appeal issued an order re-affirming its prior decision and upholding the trial court's dismissal.  (RJN, Ex. H).

Plaintiffs filed this action on May 1, 2015 (the "Fourth Action"), noting that they have included allegations of a mass fraud by BANA based on declarations filed by former BANA employees in other litigations around the country.

In their First Amended Complaint, Plaintiffs state six claims for relief: 1) fraud and deceit against BANA, Sherman and Jacobsmeyer; 2) Violation of the Racketeer

---

**CIVIL MINUTES—GENERAL**                                                                 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–3305–MWF(JEMx)          Date:  August 14, 2015

Title:     Ritu Bala, et al.  -v- Bank of America, N.A., et al.

Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. § 1962 (c) and (d) against BANA, BAC, Sherman and Jacobsmeyer; 3) violation of the Truth in Lending Act ("TILA") 15 U.S.C. § 1601 et seq. against BANA; 4) violation of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2601 et seq. against BANA, BAC, and Trustee Corps; 5) wrongful foreclosure in violation of California Civil Code section 2923.6 against BANA and Trustee Corps; and 6) violation of California Business and Professions Code section 17200 et seq. ("UCL") against all Defendants.

**Discussion**

The Motion seeks to dismiss the motion for three reasons.  ***First***, because Plaintiffs have already voluntarily dismissed the same claims twice, the second dismissal constitutes a determination on the merits under Federal Rule of Civil Procedure 41(a)(1)(B), and therefore the action must be dismissed.  ***Second***, the action is barred by res judicata and collateral estoppel.  ***Third***, Plaintiffs fail to adequately state any of their six claims.

The Court first addresses BANA's procedural arguments as to why Plaintiffs action should be dismissed.

**Two Dismissal Rule**

Under Rule 41(a)(1), an action may voluntarily be dismissed by the plaintiff without court order by filing a notice of dismissal before the defendant has answered or moved for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared.  Such a voluntary dismissal is presumed to be "without prejudice" unless it states otherwise, but a voluntary dismissal of a second action operates as a dismissal on the merits if the plaintiff has previously dismissed an action involving the same claims.  This is known as the "two dismissal rule."  *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999) (holding that determination that a second dismissal is a determination of the merits may not be made by the court in that action, but only be court in subsequent action).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–3305–MWF(JEMx)           Date:  August 14, 2015

Title:     Ritu Bala, et al.  -v- Bank of America, N.A., et al.

     BANA argues that Plaintiffs have already dismissed the same claims twice.  The first dismissal occurred when they voluntarily dismissed the First Action in state court, and the second dismissal occurred when they voluntarily dismissed the Third Action against BANA originally filed in this Court.  As a result, BANA contends, regardless of Plaintiffs' intent, the dismissal of the Third Action constituted a determination on the merits under Rule 41, and they are therefore precluded from bringing the current action against BANA again.

     Plaintiffs argue that this action is not barred by the two dismissal rule because their dismissal of the First Action was by stipulation, not voluntary dismissal.  In support of this argument, Plaintiffs cite to *Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012 (2d Cir. 1976) in which the Second Circuit held that dismissal by stipulation did not raise the policy concerns underlying the rule, and so did not constitute a "dismissal" for the purposes of the rule.

     First, there is nothing presented by either side apart from assertions in their briefing on this Motion indicating whether the First Action was dismissed by stipulation or by notice.  Nonetheless, Plaintiffs' reliance on *Poloron Products* is unavailing regardless of the precise form of the dismissal in the First Action.  The rule in *Poloron Products* has not been adopted by the Ninth Circuit, and a Ninth Circuit court has noted that the Second Circuit's ruling, where it has been followed, has been limited to its facts.  *Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 727 (9th Cir. 1991) (holding that actual intent to harass is not necessary for the two dismissal rule to apply).  The *Poloron Products* facts are distinguishable to the present action.  The *Poloron Products* case emerged from the sale of a company to Poloron Products, the terms of which depended significantly on its balance sheet produced by accounting firm, and eventual sole defendant, Lybrand Ross Bros. & Montgomery ("Lybrand").  Poloron Products discovered the company's revenues have been overstated and instructed the company to withhold payments owed from the sale.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–3305–MWF(JEMx)                    Date:  August 14, 2015

Title:     Ritu Bala, et al.  -v- Bank of America, N.A., et al.

The sellers brought suit in Indiana against the company they had sold to recover the remaining payments, but shortly thereafter amended to include Lybrand on the theory that it was liable for the balance sheet it prepared.  The case was transferred to New York, and after another amendment, Poloron Products, the purchasing entity was also added.  Shortly thereafter, the sellers and Poloron Products agreed that the fault was Lybrands' for its misstatements in preparing the balance sheet on which both parties relied in agreeing to the sale's terms.  The sellers assigned their right to recovery to Poloron Products, with a share of costs and recovery remaining with them, and with a right to reacquire the entire claim on request.  Lybrand was not aware of this settlement, and signed a stipulation of discontinuation with the other parties.

Poloron Products brought suit against Lybrand in Illinois three years later. However, shortly thereafter a Seventh Circuit opinion established that the statute of limitations for securities action had run.  Poloron Products filed a notice of dismissal under Rule 41(a)(1)(i).  It brought suit again in New York where the statute of limitations had not yet run, and Lybrand brought counterclaims and moved to dismiss under the two dismissal rule. The trial court dismissed under Rule 41, and the parties settled their remaining differences.  The sellers then appealed in Poloron Products' name per the right to reobtain the claim in original assignment, and the Second Circuit determined that given the original stipulation to dismiss, the two dismissal rule did not apply.

In the present action, there is no similar assignment of claims, amendment to add parties, or intervening decision that significantly altered the litigants' rights to recovery, or multiple changes in venue.  The case is therefore distinguishable and unpersuasive on its facts.

Further, as the *Poloron Products* court itself noted, its decision is contrary to the plain language of Rule 41(a)(1)(B), which indicates that the two dismissal rule applies even if the first dismissal is by stipulation rather than notice.  The rule states:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 15–3305–MWF(JEMx)          Date: August 14, 2015

Title:     Ritu Bala, et al. -v- Bank of America, N.A., et al.

Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

The rule makes no distinction between stipulated or noticed dismissal in the first action. However, it does make such a distinction as to the second action, stating that that a "notice of dismissal" in the subsequent action "operates as an adjudication on the merits."

Plaintiff also argues that their dismissal in the Third Action should be excused because they dismissed the case in reliance on the California Court of Appeal's order for a re-hearing of their Second Action appeal. However, the Court does not investigate the reasons for the dismissal. *Lake at Las Vegas*, 933 F.3d at 726–27. (Rule 41(a) "does not consider the plaintiff's reasons for seeking a voluntary dismissal."). As the D.C. Circuit has explained, "[t]he term 'voluntary' in Rule 41 means that the party is filing the dismissal without being compelled by another party or the court. In other words, it does not mean that other circumstances might not have compelled the dismissal or that the party desired it." *Randall v. Merrill Lynch*, 820 F.2d 1317, 1321 (D.C.Cir.1987) (holding that district court had power to vacate voluntary dismissal under Rule 60(b), as long as requisite justification existed), *cert. denied*, 484 U.S. 1027 (1988); *see also Lake at Las Vegas*, 933 F.2d at 726 (citing *Randall* with approval). Plaintiffs were not compelled by the court or the other party to dismiss. The Court therefore determines that both the dismissals in the First Action and the Third Action constitute voluntary dismissals or stipulations for the purposes of the two dismissal rule.

At the hearing Plaintiffs presented the Court with further argument that the two dismissal rule did not apply and provided additional case law in support of their position. Plaintiffs argued that the two dismissal rule does not apply because Plaintiffs did not allege the same claims in their First and Third Actions. Plaintiffs presented substantial authority in the support of the position that, determining whether claims are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–3305–MWF(JEMx)            Date:  August 14, 2015

Title:      Ritu Bala, et al.  -v- Bank of America, N.A., et al.

the same for the purpose of Rule 41 involves the same analysis as determining whether claims are the same for the purposes of res judicata. *See Abrahms v. Hard Drive Prods.*, No. C–12–01006 JCS, 2012 WL 5499853, at *3 (N.D. Cal. Nov. 13, 2012) ("the Ninth Circuit has analogized the Rule 41(a)(1)(B) two dismissal rule to the res judicata inquiry"); *Thomas v. Wells Fargo Bank, N.A.*, C–13–02065 JSW, 2013 WL 5313458, at *2 (N.D. Cal. Sept. 23, 2013) ("in determining whether Rule 41 bars Plaintiff's action here, the Court considers whether Plaintiff's claims are the same as those in the related actions under the res judicata analysis."); *Durney v. Magna Int'l, Inc.*, No. C–11–00361 MHP, 2011 WL 1659880, at *2 (N.D. Cal. May 3, 2011) aff'd in part, vacated in part, 479 F. App'x 113 (9th Cir. 2012) ("Although neither the Supreme Court nor the Ninth Circuit has specifically addressed the meaning of "same claims" for the purposes of Rule 41(a)(1) (B), the Ninth Circuit has analogized the Rule 41(a)(1)(B) two dismissal rule to the res judicata inquiry."); *Lee v. Thornburg Mortgage Home Loans Inc.*, No. 14-CV-00602 NC, 2014 WL 4953966, at *4 (N.D. Cal. Sept. 29, 2014) ("In the Ninth Circuit, the two-dismissal rule analysis is analogous to the res judicata inquiry"); *Melamed v. Blue Cross of California*, No. CV 11–4540 PSG, 2012 WL 122828, at *5 (C.D. Cal. Jan. 13, 2012) aff'd, 557 F. App'x 659 (9th Cir. 2014) (same).

      Plaintiffs therefore contended that should the Court determine that their claims are sufficiently different to fall outside the scope of res judicata, then the two dismissal claim would also not apply.  Plaintiffs are correct in this statement of the law.  However, as the Court explains below, even considering Plaintiffs' further argument on the application of res judicata, the doctrine does apply, and so the two dismissal rule also applies.  The Court also notes that res judicata is an independent basis for dismissal.

      Accordingly, the dismissal of the Third Action constitutes a determination on the merits and the Court **DISMISSES** this action under Rule 41(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–3305–MWF(JEMx)                          Date:  August 14, 2015

Title:     Ritu Bala, et al. -v- Bank of America, N.A., et al.

### Res Judicata

In addition to its argument under Rule 41(a), BANA argues that Plaintiffs' claims are barred by the doctrine of res judicata because the claims are already subject of a final decision in the form of the Court of Appeal decision in the Second Action.

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (holding that because Forest Service had not made a final decision as to construction of access road in dispute, claims were not ripe for judicial review). The purpose of the doctrine is to protect litigants from multiple lawsuits, to conserve judicial resources, and to encourage certainty and reliance upon judicial decisions. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003); *Montana v. United States*, 440 U.S. 147, 153-54 (1979). The elements of the doctrine are an identity of claims resulting in a final judgment on the merits, and identity or privity between parties. *Glickman*, 123 F.3d at 1192.

"Res judicata bars all grounds for recovery that could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992). Res judicata therefore "precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief." *Lane v. Stausboll*, No. C10-05779 HRL, 2011 WL 1599655, at *3 (N.D. Cal. Apr. 28, 2011) aff'd, 491 F. App'x 840 (9th Cir. 2012) (quoting *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 897, 123 Cal. Rptr. 2d 432 (2002)).

Plaintiffs argue that there is not an identity of the claims because their fraud claim is now based on newly acquired evidence, specifically, the declarations from former BANA employees regarding the bank's handling of other borrower's mortgages that they attach to their FAC. Plaintiffs also argue that they raise different claims to those raised in their first two state court actions.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–3305–MWF(JEMx)					Date:  August 14, 2015

Title:	Ritu Bala, et al.  -v- Bank of America, N.A., et al.

In considering whether the claims are the same, the Court considers the following factors: whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; whether substantially the same evidence is presented in the two actions; whether the two suits involve infringement of the same right; and whether the two suits arise out of the same transactional nucleus of facts.  *In re Int'l Nutronics, Inc.*, 28 F.3d 965, 970 (9th Cir. 1994) (holding that order confirming sale did not preclude claim to void sale on bid rigging but did to preclude antitrust claims under res judicata).

As the *International Nutronics* court noted, whether the suits arise out of the same transactional nucleus of facts is "the most important factor of all."  *Id*. at 971. "Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together." *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010) (holding that res judicata did not apply to writs of maritime attachment brought in Washington State and New York State because they were based on a requirement that property be found within the district which could not be the case at the same time for the two actions); 18 James W. Moore & Jo Desha Lucas, *Moore's Federal Practice* § 131.10 (3d ed. 2015) ("A claim, for purposes of claim preclusion, includes not only those matters actually addressed by the prior judgment, but those matters which could have been raised in that action.").  In most cases, "the inquiry into the "same transactional nucleus of facts" is essentially the same as whether the claim could have been brought in the first action." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011) (holding that civil and criminal forfeiture action arose from same transactional nucleus of facts and so res judicata applied).  In other words, a litigant may not "avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated" in a prior proceeding between the same parties.  *Tahoe Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077–78 (9th Cir. 2003).

"A plaintiff need not bring every possible claim. But where claims arise from the same factual circumstances, a plaintiff must bring all related claims together or

---

**CIVIL MINUTES—GENERAL**                                                                                       11

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–3305–MWF(JEMx)          Date:  August 14, 2015

Title:      Ritu Bala, et al.  -v- Bank of America, N.A., et al.

forfeit the opportunity to bring any omitted claim in a subsequent proceeding." *Turtle Island Restoration Network v. U.S. Dept. of State*, 673 F.3d 914, 918 (9th Cir. 2012) (holding that despite asserting different claims under different law, the claims should have been brought in prior litigation and so were barred by res judicata in later litigation).

     At the hearing, Plaintiffs presented further argument in support of their position that the new evidence presented in the declarations attached to their FAC suffices to remove their presently asserted claims from the res judicata effect of the claims in the Second Action.  Plaintiffs argued that had the Court of Appeal considered the evidence they now present, its decision would have been different.

     The Court carefully considered Plaintiffs' briefing, the further argument presented at the hearing, and the two decisions by the Court of Appeal.  However, the Court concludes that the new evidence presented in the declarations does not suffice to prevent res judicata from requiring dismissal of Plaintiffs' FAC.  The Court makes this determination for two reasons.  First, the evidence Plaintiffs present does not create a new claim.  Close comparison of the Court of Appeal decision and Plaintiffs' present fraud claim shows them to be virtually.  (RJN, Exs. F, H).  Nothing in the new evidence relates to Plaintiffs' 2010 Loan, or is specific to Plaintiffs' interactions with BANA or the other Defendants.

     Second, the evidence was available to Plaintiffs before the final determination of their Second Action.  The declarations were filed in a Maryland court on June 7, 2013.  Plaintiffs filed a First Amended Complaint in the Second Action on July 5, 2013, after the new evidence was publicly available.  (RJN, Ex. H at 5).

     Plaintiffs cite to *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 914 (7th Cir. 1993) for the proposition that "[i]f the plaintiff is unaware of facts when filing a complaint, res judicata will not bar subsequent litigation. [citation]  However, a plaintiff will be precluded from raising these facts later if, by exercising due diligence, he or she could have discovered the relevant information before filing the initial suit."  Instead of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 15–3305–MWF(JEMx)            Date: August 14, 2015

Title:      Ritu Bala, et al. -v- Bank of America, N.A., et al.

supporting Plaintiffs' position, this quotation shows why Plaintiffs' argument fails. Because the new evidence was publicly available when Plaintiffs filed their First Amended Complaint in the Second Action, it could have been discovered by an exercise of due diligence, even assuming it is relevant to Plaintiffs' claims of their own fraud.

      Plaintiffs also argue that their rights only accrued on their discovery of the new evidence in October 2014. But this is not the case. First, as stated before, the new evidence does not relate in any way to Plaintiffs' own interactions with BANA or with BANA's actions against Plaintiffs in issuing the 2010 Loan. Second, Plaintiffs' claims relate to Defendants' actions in 2010. Their claims therefore accrued when those actions took place. The discovery of unrelated evidence does not in and of itself create a claim for Plaintiffs. There may be circumstances in which Plaintiffs' late discovery of relevant information allows claim for relief at that time, but this is not such a circumstance for the reasons stated above. To the extent that the new evidence relates to Plaintiffs' RICO claim, it was publicly available before Plaintiffs' operative pleading in their Second Action.

      Even were the evidence to be the relevant, the various claims would still rely on substantially the same evidence, because Plaintiffs' claims rely primarily on Defendants' particular actions with regard to the 2010 Loan and Plaintiffs' attempts to obtain a modification.

      Plaintiffs further argue that there was not a judgment on the merits because their Second Action was dismissed only for failure to make sufficient factual allegations. However, Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a "judgment on the merits" to which res judicata applies. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n. 3 (1981) (holding that the res judicata consequences of a final, unappealed judgment on the merits are not altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (citing *Moitie* for the proposition).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–3305–MWF(JEMx)             Date:  August 14, 2015

Title:      Ritu Bala, et al.  -v- Bank of America, N.A., et al.

      Plaintiffs' TILA and RESPA claims present a somewhat closer call, but much like the decision in *Turtle Island*, even though the specific claims for relief are premised on other statutes, they relate to the same factual nucleus.  In *Turtle Island* an organization had brought suit asserting the government's failure to comply with a particular regulation related to the protection of sea turtles.  673 F.3d at 917.  It then brought a later suit under two different federal acts.  *Id.*  The court held that regardless of the different legal bases, the suits arose from the same transactional nucleus of fact, and so the latter one was barred.  *Id.* at 919 ("Not only *could* [plaintiff] have brought its NEPA and ESA claims during [prior litigation], but, because the claims arise from the same transactional nucleus of facts, TIRN *had* to bring its claims then.") (emphasis in original).  Similarly, the TILA and RESPA violations are directly related to actions taken by Defendants in giving the 2010 Loan to Plaintiffs and so are barred by res judicata.  Even if this were not the case, as explained by the Court below, they are barred by the two respective Acts' statutes of limitations.

      The Court determines that because Plaintiffs' claims for relief arise from the same transactional nucleus of fact they are barred by res judicata.  *Id*. at 918 ("A plaintiff need not bring every possible claim. But where claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding.").  Accordingly, for this additional reason **GRANTS** the Motion *without leave to amend*.

### Collateral Estoppel

      BANA also argues that because collateral estoppel bars Plaintiffs claims.  The doctrine of collateral estoppel, also known as issue preclusion, "prevents relitigation of issues actually litigated and necessarily decided, after a full and fair opportunity for litigation, in a prior proceeding."  *Kourtis v. Cameron*, 419 F.3d 989, 994 (9th Cir. 2005) (holding that no privity existed between writer and copyright owners thereby precluding collateral estoppel) (internal quotation marks omitted).  Under both California and federal law, a prior court decision will have preclusive effect under the doctrine of collateral estoppel where "(1) the issue necessarily decided at the previous

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 15–3305–MWF(JEMx)           Date: August 14, 2015

Title:      Ritu Bala, et al. -v- Bank of America, N.A., et al.

proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Hydranautics v. Film Tec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000) (holding that Federal Circuit's ruling that patent infringement suit was not objectively baseless does not result in collateral estoppel or res judicata barring suit for malicious prosecution) (internal quotation marks omitted); *Kourtis*, 419 F.3d at 994.

      The Court has reviewed the Court of Appeal's two decisions in the Second Action, and it is clear that Plaintiffs bring the same claims for fraud and for wrongful foreclosure. As to the fraud, regardless of whether a larger scheme by BANA actually exists as alleged, Plaintiffs still allege that they were defrauded, and it was on this question that the Court of Appeal issued its final decision. Absent fraud committed on them by BANA, Plaintiffs do not have standing to address any purported scheme by BANA that extends beyond them. Plaintiffs' claim that the new evidence shows that fraud perpetrated on them was part of a grander scheme, therefore, does not alter the fact that there has already been a final determination on Plaintiffs' claim that BANA and its employees committed fraud on Plaintiffs.

      Similarly, the Court of Appeal addressed Plaintiffs' claim that they were entitled to a modification and whether they stated a claim under the UCL. Accordingly, those claims are barred by collateral estoppel and may not be brought again in this action.

### **Plaintiffs' TILA and RESPA Are Barred by their Statutes of Limitations**

      The only claims not directly related to those brought in the Second Action and addressed by the Court of Appeal are Plaintiffs' claims under the federal statutes, TILA and RESPA. Even if these claims are not barred by res judicata they are barred by the respective Acts' statutes of limitations.

      Actions by private individuals to collect damages under TILA must be brought within a year of the lender's alleged violation of the law. 15 U.S.C. § 1640(e); *Edelman v. Bank of Am. Corp.*, No. SACV 09–00309 CJC, 2009 WL 1285858, at *2

---

**CIVIL MINUTES—GENERAL**           15

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–3305–MWF(JEMx)            Date:  August 14, 2015

Title:     Ritu Bala, et al.  -v- Bank of America, N.A., et al.

(C.D. Cal. Apr. 17, 2009) (holding that TILA claims were barred by statute of limitations).  The one-year limitations period normally "starts at the consummation of the [loan] transaction." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) (holding that district court can "evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the act").  The right to rescind under TILA must be made within three years of the consummation of the transaction.  15 U.S.C. § 1635(f).

     Plaintiff alleges that Defendants violated TILA in the course of making the 2010 Loan.  However, Plaintiffs only brought claims under TILA in their Third Action, filed in 2015.  This is well beyond the one year statute of limitations for damages and three years for rescission under TILA.

     RESPA claims are also subject to a one-year limitations period. 12 U.S.C. § 2614(a).  Similarly, Plaintiffs' claims date to 2010, but were only brought in 2015.

     Plaintiffs argue that they are entitled to equitable tolling.  However, Plaintiffs make no allegations as to when they discovered the violation, or why they could not have known of the violation within the statute of limitations.  Plaintiffs again cite to the new evidence and its discovery in October 2014 as justification for bringing the claims late.  Again, this is unavailing.  It is unclear why the evidence in an unrelated case has any bearing on Defendants' failure to comply with TILA and RESPA in 2010.  Absent Plaintiffs' identifying something particular in the declarations that revealed to Plaintiffs facts previously unavailable to them about Defendants' purported TILA and RESPA violations specifically as to the 2010 Loan, Plaintiffs do not establish why they are entitled to equitable tolling.

### **Wrongful Foreclosure**

     Plaintiffs also suggest that their wrongful foreclosure claim is based on Defendants' failure to comply with the requirements of California Civil Code section 2923.6 and under various federal programs.  (FAC ¶ 77–80).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–3305–MWF(JEMx)                    Date:  August 14, 2015

Title:      Ritu Bala, et al.  -v- Bank of America, N.A., et al.

As explained above, the same res judicata and collateral estoppel reasoning applies to Plaintiffs' claim for wrongful foreclosure at least as to Plaintiffs' section 2923.6 claims which were addressed directly by the Court of Appeal.  (RJN, Ex. H at 11).

Even if the claim would not be considered barred to the extent it is premised on purported federal authority and not California law, it fails under Rule 12.  Plaintiffs cite to *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 556 (7th Cir. 2012) for the proposition that under a variety of federal programs they are entitled to a modification.  They argue that as a recipient of Troubled Asset Relief Program funds, BANA was obligated to modify loans, including their own.  *Wigod* however, does not support Plaintiffs' personal right to a modification enforceable through litigation.  First, as *Wigod* noted, the Treasury allocated $50 billion in TARP funds "to ***induce*** lenders to refinance mortgages with more favorable interest rates and thereby allow homeowners to avoid foreclosure."  *Id.* (emphasis added).  Any actual obligation on the banks was to identify eligible homeowners, not to provide modifications to every borrower in trouble.  *Id*.  Plaintiffs do not allege that they were eligible to a modification or why TARP's inducement creates an entitlement to a modification regardless of their situation.  Indeed, *Wigod* continues to explain the various criteria established by the Treasury for borrowers' and servicers' qualification for the program, none of which Plaintiff allege they meet.  *Id*. at 556–57.  Second, Plaintiffs allege that there have in fact been offered a modification, but bring suit because they believe that it is inadequate.  (FAC ¶ 44).

In addition, *Wigod* notes that courts have routinely held that borrowers lack a private right of action under HAMP, meaning borrowers themselves cannot bring suit to enforce the terms of HAMP.  *Id*. at 559, n. 4 ("Courts have uniformly rejected [homeowners' attempts to assert rights arising under HAMP] because HAMP does not create a private federal right of action for borrowers against servicers").

It is also clearly established that California Civil Code section 2923.6 does not establish any obligation on servicers or lenders to modify loans, or establish a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 15–3305–MWF(JEMx)                    Date:  August 14, 2015

Title:     Ritu Bala, et al.  -v- Bank of America, N.A., et al.

borrower's right to a modification.  As the Court of Appeal has stated "[California] Civil Code section 2923.6 does not grant a right to a loan modification. To the contrary, it 'merely expresses the hope that lenders will offer loan modifications on certain terms' and 'conspicuously does not require lenders to take any action.'" *Intengan v. BAC Home Loans Servicing LP*, 214 Cal. App. 4th 1047, 1056, 154 Cal. Rptr. 3d 727 (2013) (holding that beneficiary under deed of trust had standing to foreclose and recording of notice of default and notice of trustee's sale by unauthorized did not make them invalid).

Accordingly, Plaintiffs' fifth claim is barred by collateral estoppel and also fails to state a claim for relief.

**Conclusion**

For the reasons stated above, the Court **GRANTS** the Motion.  At the hearing, Plaintiffs also asked that the Court provide them leave to amend.  The Court has considered this request.  However, because the Court determines that Plaintiffs' action must be dismissed under Rule 41(a) and under the doctrine of res judicata there are not further allegations Plaintiffs could make on these claims to survive a similar attack by Defendants.  Therefore, the Motion is **GRANTED** *without leave to amend*.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.